**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH, | No. 09-71256 |
| Petitioner, | Agency No. A047-070-811 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Balwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for substantial evidence the IJ's determination that an

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alien is removable. *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's conclusion that Singh entered his marriage for the purpose of procuring an immigration benefit where Singh's former U.S. citizen spouse testified that their marriage was fraudulent and that she married Singh in exchange for renumeration. *See* 8 U.S.C. § 1227(a)(1)(A) and (G)(i); 8 U.S.C. § 1182(a)(6)(C)(i); *see also Nakamoto*, 363 F.3d at 882 (relevant inquiry for fraud determination is whether parties intended at the time they married to establish a life together).

Substantial evidence also supports the agency's conclusion that Singh's conditional status was terminated. *See* 8.U.S.C. § 1227(a)(1)(D)(i). Because he was not granted a waiver under 8 U.S.C. § 1186a(c)(4) and he did not appeal from the Citizenship and Immigration Services' denial of his waiver, his challenge to that conclusion is not availing. *See id.* § 1227(a)(1)(D)(ii).

We lack jurisdiction over Singh's contention regarding the denial of his motion to terminate because he did not raise that challenge before the BIA, and therefore has not exhausted his remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.